**Electronically Filed
Supreme Court
SCPW-12-0000825
12-DEC-2012
09:09 AM**

SCPW-12-0000825

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

HAWAIʻI STATE TEACHERS ASSOCIATION, Petitioner,

vs.

HAWAIʻI LABOR RELATIONS BOARD; JAMES B. NICHOLSON,
Chairperson of the Hawaiʻi Labor Relations Board;
and ROCK B. LEY, Member of the Hawaiʻi Labor
Relations Board (2012-017),

and

NEIL ABERCROMBIE, Governor of the State of Hawaiʻi; KALBERT
YOUNG, Director of the Department of Budget and Finance of the
State of Hawaiʻi; NEIL DIETZ, Chief Negotiator of the Office of
Collective Bargaining of the State of Hawaiʻi; KATHRYN MATAYOSHI,
Superintendent of the Department of Education of the State of
Hawaiʻi; DONALD G. HORNER, Chairperson of the Board of Education
of the State of Hawaiʻi; JAMES D. WILLIAMS, Member of the Board
of Education of the State of Hawaiʻi,

and

UNIVERSITY OF HAWAIʻI PROFESSIONAL ASSEMBLY
Respondents.

---

ORIGINAL PROCEEDING
(CASE NO. CE-05-781)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and Pollack, JJ., and
Circuit Judge Chang, in place of McKenna, J., recused)

On September 28, 2012, petitioner Hawaiʻi State

Teachers Association ("HSTA") filed a petition for a writ of mandamus seeking an order directing the Hawaiʻi Labor Relations Board ("HLRB") to issue an order or decision on its prohibited practice complaint and motion for interlocutory relief in Case No. CE-05-781.

On October 19, 2012, this court (1) denied without prejudice petitioner's request for a decision on the prohibited practice complaint, and (2) ordered the HLRB and the other respondents to answer the petition with respect to petitioner's request for a decision on the motion for interlocutory relief.

The HLRB and the other respondents timely answered. Upon consideration of the petition for a writ of mandamus, the answers to the petition, the respective supporting documents, and the record, it appears that there is no rule or statute that delineates a specific time within which the HLRB must resolve the pending motion for interlocutory relief. Nevertheless, the HLRB has indicated that in exercising its discretion to manage its cases, it has "determined that it would be more efficient to direct its efforts to issue a final decision on the merits, which includes a discussion of the [m]otion for [i]nterlocutory [r]elief." In light of the HLRB's determination to consolidate its ruling on the motion for interlocutory relief with disposition of the merits of the prohibited practice complaint, the HLRB is subject to the promptness requirement set forth in

2

HRS § 377-9(d) (Supp. 2011) with respect to the motion for interlocutory relief. See HRS § 377-9(d) ("After the final hearing, the board shall promptly make and file an order or decision, incorporating findings of fact upon all the issues involved in the controversy and the determination of the rights of the parties."); see also HRS § 89-5(i)(10) (Supp. 2011) (the HLRB is required to "[e]xecute . . . its responsibilities in a timely manner"). Accordingly,

IT IS HEREBY ORDERED that as to the HSTA's request for a decision on its motion for interlocutory relief, the petition for a writ of mandamus is denied without prejudice.

DATED: Honolulu, Hawaiʻi, December 12, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Richard W. Pollack

/s/ Gary W.B. Chang



3